IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LORETTA COCO, on Behalf of Herself and Others Similarly Situated **PLAINTIFF**, | * * * * | |
| | * | CIVIL ACTION |
| | * | FILE NO: 4-12-cv-214 (CDL) |
| v. | * | |
| | * | |
| BUILDERS FIRSTSOURCE SOUTHEAST GROUP, LLC., **DEFENDANT** | * * * | Jury Trial Demanded |

# COMPLAINT

COMES NOW Loretta Coco, on behalf of herself and others similarly situated, hereinafter designated and referred to as "Plaintiff", and brings this her action as against BUILDERS FIRSTSOURCE SOUTHEAST GROUP, LLC., hereinafter designated and referred to as "Builders" or "Defendant" and for cause respectfully shows as follows:

## NATURE OF COMPLAINT

1.

Plaintiff Loretta Coco ("Plaintiff"), individually and on behalf of all others similarly situated, by her undersigned counsel, allege the following upon personal knowledge as to her own acts and, as to all other allegations, upon information and

belief and investigation by counsel, including a review of publicly available documents.

2.

Plaintiff brings this action pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 2201, et. seq. ("FLSA") for unpaid wages, unpaid overtime compensation, prejudgment interest, liquidated damages, attorney's fees, and costs and Rule 23 of FRCP.

3.

Plaintiff, as a nonexempt employee, is a true Plaintiff, which Defendant has failed to compensate for all hours worked in excess of forty (40) hours each work week at one and a half times her regular rate of pay.

**PARTIES**

4.

The Plaintiff in this case is a female citizen of the United States and the State of Georgia.  She submits herself to the jurisdiction of the Court.

5.

The Defendant in this case is a FOREIGN limited liability company that has its principal place of business located at 2001 BRYAN STREET, SUITE 1600 DALLAS, TX 75201.  Defendant may be served with process at the office of its registered agent for service of process: BUILDERS FIRSTSOURCE

SOUTHEAST GROUP, LLC.  C/O C T CORPORATION SYSTEM 1201 PEACHTREE STREET, NE ATLANTA, GA 30361

## JURISDICTION

6.

This Court has jurisdiction of this matter pursuant to 28 USC § 1331 in that it involves a Federal question arising under the laws of the United States.

## VENUE

7.

Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims asserted herein occurred in this District, and Plaintiffs dealt with Defendant, which is located in and/or does business in this District. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant conducts substantial business in this District, has sufficient minimum contacts with this District, and otherwise purposely avails itself of the markets in this District, through the promotion, sale, and marketing of its services in this District.

## NATURE OF THE PROPOSED CLASS

8.

Plaintiff brings this class action on behalf of herself and a class of persons ("Class Members") easily ascertainable who were employed by Defendant within the last three years from the date of the filing of this Complaint (the "Class

Period") in positions that Defendant treated as exempt from the provisions of the FLSA with respect to hours worked and overtime time compensation when, in fact, those positions were not positions exempt from the hourly wage and overtime requirement of the FLSA.

9.

Plaintiff is a good representative of the class in that her story of interaction and employment with Defendant is typical of members of the class.

## CLASS ALLEGATIONS

10.

Plaintiffs bring this action on their own behalf and as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs seek certification of the following Class:

> All persons employed by Defendant during the preceding 36 month period that were compensated according to what Defendant denominated as a 'salary' that was, in fact, not a true salary, as said remuneration was subject to reduction due to variations in the quantity of hours performed during the Defendant's otherwise 'normal business hours' without regard for work performed over and above 40 hours per week, some or most of, which was performed outside of Defendant's otherwise 'normal business hours', or with

the knowledge and direction of Defendant, on, or off Defendant's physical location.

11.

Plaintiff and the members of the Class are so numerous that joinder of all members individually, in one action or otherwise, would be impractical.

12.

This action involves questions of law and fact common to Plaintiff and all members of the Class, which include:

(a) Whether Defendant improperly, for purposes of remuneration under the Fair Labor Standards Act, classified non-exempt employees as exempt employees in order to avoid paying the same overtime at the statutory rate of one and a half times the normal rate of pay for all hours worked over 40 in a week.

(b) Whether, as a result of Defendant's policy and practice of reducing the remuneration of its otherwise 'salaried' employees for variations in the quantity of hours worked during Defendant's 'normal business hours' otherwise exempt employees of Defendant were rendered 'non-exempt' for purposes of remuneration under the FLSA for overtime.

(c) Whether Defendant acted in a manner intentionally designed to deprive Plaintiff and other Class Members of compensation to which they were entitled for overtime.

(d) Whether Plaintiff and Class Members sustained damages resulting from Defendant's conduct and, if so, the proper measure of damages, restitution, equitable or other relief, and the amount and nature of such relief.

(e) Plaintiff understands and is willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class. Plaintiff will fairly and adequately protect the interests of the Class and has no interest adverse to or that directly conflict with the interests of the other members of the Class.

13.

Plaintiff has engaged the services of counsel, who is experienced in employment litigation, who will adequately prosecute this action, and will assert and protect the rights of and otherwise represent Plaintiff and the Class Members.

14.

Plaintiff's claims are typical of those of the other Class Members because Plaintiff and the Class Members each sustained damages arising from Defendant's wrongful conduct, as alleged more fully herein.

15.

This action is brought under Rule 23 because Defendant has acted on grounds generally applicable to all members of the Class.

16.

Judicial determination of the common legal and factual issues essential to this case would be far more efficient and economical as a class action than piecemeal individual determinations.

17.

Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

CONSOLIDATED FACTS & THEORIES OF RECOVERY

18.

Plaintiff was employed by Builder's First for approximately 8 years

19.

On April 22, 2011, Plaintiff was terminated.

20.

This action has been brought One year and 135 days after the termination.

21.

One Hundred Thirty Five (135) days is approximately nineteen (19) weeks; less that period, there remain 31 weeks of a 50 week work year.

22.

This action seeks to recover unpaid overtime for the remaining one year, 31 weeks left on Plaintiff's right to a statutory recovery, which includes liquidated damages, going back three years due to Builder First's willful, knowledgeable, and intentional violation of the FLSA.

23.

Builder First's scienter is evidenced by Plaintiff's supervisors informing her "here's a computer, do it at home if you have to or get another job."

24.

Builder's First remunerated Plaintiff on the basis of what it termed 'salary' as well as commission.

25.

Plaintiff's 'salary' suffered reduction if she was not on the premises or about company business during normal business hours.

26.

In order to offset this diminution in remuneration Plaintiff faced a situation of choosing either vacation, personal, or sick days.

27.

If there were no vacation, personal, or sick days, Plaintiff was not paid for her time not on the premises or about company business during normal business hours; her 'salary', then was docked regularly and often.

28.

Plaintiff was not compensated or remunerated for the time in a work period that would constitute overtime.

29.

On a weekly basis Plaintiff worked 20-25 hours a week over and beyond a standard 40 hour work week.

30.

This weekly overtime work extended well before the current cut off period imposed by law.

31.

For the last three years of her employment with Defendant, Plaintiff was paid approximately $80,000.00 a year.  This included commissions and bonuses.

32.

For the last three years of her employment with Defendant, Plaintiff's base 'salary' - a term of art used by Builder's First - was approximately $60,000 a year.

33.

Under the FLSA coverage is not extended to those rendered exempt by specific statutory language. See 29 USC § 213.

34.

As illustrated by the FLSA Exemptions Flowchart, made a part of this Complaint, traditional tests for exemptions look first to the salaried – or not – nature of the employee's compensation.

35.

If the salaried test is passed, then the inquiry moves on to whether an employee meets, or can be assigned, a specifically listed statutory exemption – computer professionals, administrative, executive, or outside sales personnel, etc.

36.

A duties test analysis arises in cases where no bright lines exist.

37.

Things that militate against finding of exempt status in otherwise grey areas include being 'docked' for missing work on an alleged salary; there is also being of a class of employee specifically not exempted from the coverage of the FLSA. C.F. 29 USC §§ 207 & 215.

38.

Exempt positions must pass the salary test AND the duties test – with the exception of the outside sales persons exemption.  There is no salary test for that exemption. See 29 USC § 213(a)(1).

39.

Ms. Coco supervised no one.

40.

Ms. Coco had no hire fire authority.

41.

Ms. Coco was not an outside sales person.

42.

Plaintiff's pay was docked (REDUCED) when she missed hours or days during normal business hours.

43.

Based on the application of the law to these facts, it can be said with some plausible degree of certainty, and certainly a degree of plausibility, that Ms. Coco was not an exempt employee for purposes of the FLSA.

44.

Ms. Coco's pay was subject to reduction due to variations in the quantity of hours she was present on-site during normal business hours.

45.

Similarly, Plaintiff does not pass the duties test for a computer professional or bona fide administrative or executive employee.

46.

The one exemption that may apply is foreclosed by the un-rebutted testimony at Ms. Coco's deposition in another pending employment matter – that of outside sales person.

47.

Considering all of the above facts in light of the law as it pertains to this FLSA situation, it is reasonable to assume that Coco is a non-exempt employee that has been paid "as-if" she were exempt.

48.

To that end, she brings this action, in the main on her own behalf, as well as others similarly situated in order to obtain back overtime wages owed, as well as liquidated damages and attorney's fees.

49.

For the reasons set out below based on facts and personal knowledge, Plaintiff believes that her situation – a 'non-exempt' being paid 'as-if' they were exempt - repeats itself in every Builder's First Location – all 64 of them.[1]

50.

Multiple instances of 'salaried' employees facing a reduction in remuneration for reasons identical to Plaintiff, and an expectation of regular, massive overtime, just like with Plaintiff, exist in the Columbus location alone.

51.

For purposes of the baseline calculations in the Coco's case, Plaintiff is initially basing her calculations figures on an annual pay of $80,000/year.  Without commission and bonuses, the yearly figure is closer to $60,000.

52.

However, for the last three years of her employment, Plaintiff has been able to reasonably establish a record of earning $80,000 a year.

53.

Assuming that she worked 40 hours a week, 50 weeks out of the year, Plaintiff would have worked 2000 hours a year.

---

[1] According to the company website, there are 64 Builder's First locations spread across nine States – Georgia ( 5 ), Alabama ( 3 ) Florida ( 6 ) South Carolina ( 16 )  Texas (7)  Tennessee  (6 ) North Carolina (13 ) Virginia ( 3 ) and Maryland (5)

54.

These 2000 hours is divided into our $80,000 pay figure to arrive at an hourly rate of $40 per hour.

55.

Time and a half for hours worked in excess of 40 a week would have to be compensated at the rate of time and a half, per the FLSA because Plaintiff was not a truly exempt employee.

56.

Thus, application of the $40/hr. base rate and half it again, to $20, and add that to the $40 for a total overtime rate of $60/hr.

57.

Plaintiff estimates, for purposes of this action, that she spent a minimum of 20 hours each week working over the normal forty hour work week, every week, for at least the last 3 years of her employment with Builders First.

58.

As a threshold matter, Plaintiff asserts that she worked 20 hours a week in excess of a forty hour week each week she was employed by Defendant in the last three years of her employment.

59.

Plaintiff considers 3 years, per statute, because of Defendant's scienter in violating the FLSA, as evidenced by facts set out herein above, supra; she has an actionable period of 1 Year and 31 weeks

60.

As above, Plaintiff asserts a 50 week work year of 40 hours a week as normal and not triggering the FLSA overtime provisions for non-exempt employees.

61.

50 weeks (for the year) added to the 31 weeks remaining in the statutory recovery period gives a sum of 81 weeks of 20 hours per week of uncompensated overtime at an alleged rate of $60 and hour.

62.

This formula is expressed as:

81 wks. (20 hours x $60 an hour) = $97,200.00 in unpaid actionable overtime for Plaintiff Coco.

63.

Liquidated damages under FLSA doubles that amount:

2 x $97,200 = $194,400.

64.

Other class members can have their unpaid actionable overtime calculated in the same manner.

**THE SCALABLE PARADIGM – FLSA LIABILITY ACROSS COMPANY**

65.

Plaintiff has personal knowledge that a similar position to that held formerly by Plaintiff exists across the spectrum of Builder's First campuses; i.e. Plaintiff's very skills are required in most of Defendant's stores.

66.

 Plaintiff alleges that the employees in these positions are also being improperly paid 'as-if' on a 'salary;' like Plaintiff here, those employees would in actuality be non-exempt.

67.

Defendant owes them similar unpaid overtime compensation.

68.

Plaintiff's experience indicates that similar numbers will obtain, in regards to unpaid overtime compensation, for each of the employees in the 'Coco' position regardless of Defendant's campus' location.

69.

Plaintiff asserts that the baseline calculations in this case support the possibility, indeed the plausibility of an 'opt-in' class alleging FLSA violations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly Situated, pray for judgment against Defendant as follows:

A. An order certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class Members;

B. Restitution to Plaintiff and Class Members;

C. Actual damages and liquidated damages for injuries suffered by Plaintiff and Class Members;

D. An order declaring the alleged acts and practices of Defendant to constitute a violation of the Fair Labor Standards Act;

E. A permanent or final injunction enjoining Defendant, Defendant's agents and employees, affiliates and subsidiaries from continuing to harm Plaintiff and members of the Class in the manner set out herein above;

F. An Order requiring Defendant to adopt a policy that does not treat non-exempt employees under the FLSA as if they were exempt from the coverage of the FLSA;

G.  An Order for Defendant's specific performance of its obligations as an employer of non-exempt employees under the FLSA;

H.  Reasonable attorney's fees and costs of this action;

I.  Statutory pre-judgment interest;

J.  That Summons issue and Defendant be served as by law provided;

K. That Plaintiff be awarded judgment in her favor with respect to all contentions in this Complaint;

L. That Plaintiff be awarded actual and liquidated damages as proven at trial; and

M. Such other and further relief as the Court may deem just and proper.

This 24th day of August, 2012.

/S/John W. Roper
John W. Roper

The Roper Law Firm
5353 Veterans Parkway, Suite D
Columbus, Georgia 31904
(706) 596-5353
johnroper@roperlaw.com
Georgia Bar No:  614159